White, J.
The plaintiff’s right to recover is not founded upon a quantum meruit, but solely upon an express contract, which provides a stipulated mode of payment, and thus excludes the idea of a recovery upon an implied assumpsit. Where there is an express contract between parties, none can be implied ; the maxim expres- sumfacit cessare taciturn applies in such cases. If this were not so, it would be necessary for the parties to every agreement to provide in terms that they are to be understood not to be bound to anything which is not expressly set down, which would bo manifestly inconvenient. Broom’s Maxims (s. p.), 631.
The plaintiff’s right of recovery depends upon whether there was .a breach of the contract on the part of the defendant; and this is to be determined by ascertaining whether, upon its fair construction, the defendant is to be held to have guaranteed the sufficiency of the property assessed to pay the full amount of the assessment.
No question is made against the regularity of the assessment; nor does any question arise with lot-owners as to the assessment being excessive. The petition shows that the lots in respect to which the deficiency occurred were sold, and the proceeds appropriated at the instance of the contractor. It is not claimed that the parties could not agree that the contractor should look exclusively to the assessment for his compensation. The question is whether they did so agree.
The statute which authoinzed the improvement to be made also .authorized the entire expenses to be assessed on the lots abutting ■on the streets improved, either in proportion to the feet front of the several lots on such streets, or to their several valuations as assessed for taxation, as the council might in each case determine. ’Curwen’s Stat. 2159. At the time and by the same same ordinance 452] by which the imjxrovement was ^ordered, it was determined that the expenses should be raised by assessing the amount thereof ■on the property abutting on the streets, in proportion to the feet front. This was known to the contractor, and with this view the work was undertaken, and both parties entered into the contract.
The city, on its part, agreed to exercise the power with which it was invested, of assessing the cost of the improvement upon the property liable to be charged, and the contractor agreed to receive a certified copy of the assessment, with authority to collect the same, as payment on his part.
The specification of the rates and prices of the work and mate *453 rial in the contract was necessary to ascertain the amount to be assessed. The promise was not to pay at the rates and prices-named at all events, but to pay in the manner specified, and in no other, and the contract declares that the payment was to be “in. full of all labor and materials in completing said work and improvement.”
The clause of the contract which provides that the contractor or • his assigns is to be authorized to collect the several amounts due ■ and payable for the work, has reference to the amounts which may be assessed on the property, and which would thus become due-from the property or from the owners in respect to it, and has no-reference to any amount as due from the city.

Judgment affirmed.

Day, C. J., and Brinkerhoff and Welch, JJ., concurred.
Scott, J., dissented.